UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUVENTINO RIOS, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF BAKERSFIELD, et al., <br><br> Defendant. | Case No.: 1:16-cv-00372 - JLT <br><br> ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY OF RECORD FOR PLAINTIFF <br><br> (Doc. 18) |

On July 8, 2016, attorney J. Miguel Flores, on behalf of himself and the entire firm of Rodriguez & Associates, filed a motion to withdraw as attorney of record for Juventino Rios. (Doc. 15.) Mr. Flores asserts he is unable to continue his representation of Mr. Rios due to a breakdown in communications. Neither Mr. Rios nor the defendants submitted opposition to this motion. For the following reasons, Mr. Flores's motion to withdraw is **GRANTED**.

I.   **Procedural History**

Plaintiff began this suit by filing his complaint on March 16, 2016, claiming the City of Bakersfield is liable for violation of the plaintiff's Fourth Amendment right to be free from excessive force and unlawful searches, seizures, and arrests. (*See generally* Doc. 1.) Additionally, the plaintiff asserts Jaime Orozco, and C. Haskins are liable for violations of the Bane Civil Rights Act, assault, battery, false arrest, intentional infliction of emotional distress, and violations of the California dog bite statutes. (*See generally Id*.) The City filed its answer to the complaint on April 7, 2016. (Doc. 7.) The

current motion before the court was filed on June 3, 2016 by Mr. Flores. (Doc. 15.) Defendants then filed a statement of non-opposition to the motion to withdraw on June 8, 2016. (Doc. 16.) However, Plaintiff failed to file any response to the motion.

## II.     Legal Standard

The Rules of Professional Conduct of the State Bar of California and the Local Rules of the United States District Court, Eastern District of California govern the withdrawal of counsel. *See* LR 182(d). Under the Rules of Professional Conduct, withdrawal of representation is allowed if a client's conduct "renders it unreasonably difficult for the member to carry out the employment effectively." Cal. R.P.C. 3-700(C)(1)(d). For withdrawal under Local Rule 182(d), an attorney who has appeared in the action "may not withdraw leaving the client in propria persona" without the Court's permission. Further, the attorney must also ensure the client and all other parties that have appeared are receive notice of the motion to withdraw through proper service. CRC 3.1362(d); *see also* LR 182(d). The attorney then must "provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion" to the Court. LR 182(d). Similarly, California's rules require the attorney also give "due notice to the client, allowing time for employment of other counsel." Cal. R.P.C. 3-700(A)(2).

The Court's decision to grant a motion to withdraw is discretionary. *See* LR 182(d). To determine whether withdrawal is appropriate, the Court may consider: (1) the reasons for withdrawal, (2) possible prejudice to other litigants, (3) resulting harm to the administration of justice, and (4) any possible delay caused by the withdrawal. *Canandaigua Wine Co., Inc. v. Moldauer*, 2009 U.S. Dist. LEXIS 4238, at *3-4 (E.D. Cal. Jan. 13, 2009).

## III.    Discussion and Analysis

Mr. Flores states he is unable to continue representation because "communication between counsel and Mr. Rios has broken down to the point where counsel is not able to provide Mr. Rios with the standard of legal service R&A is comfortable with." (Doc. 15 at 3.) According to Counsel, Plaintiff relocated to Mexico, and since his relocation, Counsel only had the opportunity to communicate with Plaintiff once on May 10, 2016. (*Id.*) On May 26, 2016, Counsel sent a certified letter to the address Plaintiff provided, asking him to fill out a substitution of attorney form, but there

was no response. (*Id*. at 6.) Accordingly, it appears Mr. Rios is unable to communicate with his client.

The declaration and the proof of service of the motion to withdraw indicate that Plaintiff and all other parties were served with the proper documents, as required under the California Rules. Defendants filed a statement of non-opposition to the motion to withdraw (Doc. 16 at 1), and there is no evidence the withdrawal of Counsel will cause prejudice to Defendants. In addition, the case has not yet been scheduled by the Court and no trial has been set, so the withdrawal is unlikely to cause delay to the proceedings. Finally, the Court does not find there would be any risk of harm to the administration of justice.

### IV.   Conclusion and Order

J. Miguel Flores followed the procedural and substantive requirements set forth in the California Rules of Professional Conduct and the Local Rules when submitting the motion to withdraw as Plaintiff's attorney, and stated adequate reasons for the withdrawal. Thus, the Court is exercising its discretion to grant the motion to withdraw. *See* LR 182.

Accordingly, **IT IS HEREBY ORDERED**:

1. The motion to withdraw (Doc. 13) is **GRANTED**;
2. The Clerk's Office **SHALL TERMINATE** J. Miguel Flores and the entire firm of Rodriguez & Associates as "Lead Attorney to be Noticed" for Plaintiff in the Court docket, and update the docket to reflect Plaintiff's pro se status and last known contact information as follows:

   > Juventino Rios
   > 5700 Sunland Ave.
   > Bakersfield, CA 93304

3. No later than **July 29, 2016**, Plaintiff **SHALL** file a notification indicating whether he intends to represent himself going forward or whether he will retain a new attorney. If Plaintiff intends to hire an attorney, he **SHALL** state when this will occur.

///
///
///
///

**Plaintiff is advised that failure to comply with this or any order of the Court may result in the action being dismissed.**

IT IS SO ORDERED.

Dated: __**July 18, 2016**__                    _____/s/ Jennifer L. Thurston_____
                                                                  UNITED STATES MAGISTRATE JUDGE