UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUVENTINO RIOS,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF BAKERSFIELD, et al.,<br><br>        Defendants. | Case No.: 1:16-cv-0372-JLT<br><br>ORDER TO PLAINTIFF TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH THE COURT'S ORDER |

    On July 18, 2016, the Court granted the motion to withdraw as counsel filed by J. Miguel Flores, and ordered Plaintiff to "file a notification indicating whether he intends to represent himself going forward or whether he will retain a new attorney" no later than July 29, 2016. (Doc. 19 at 3) The Court instructed Plaintiff that if he intended to hire an attorney, he must notify the Court regarding when that would occur. (*Id.*) To date, Plaintiff has not responded to the Court's order.

    The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v.*

*Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to prosecute and comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause within 14 days of the date of service of this Order why the action should not be dismissed for his failure to comply with the Court's order or, in the alternative, to file a notification indicating whether he intends to represent himself or will be hiring counsel.

IT IS SO ORDERED.

Dated:   **August 3, 2016**                    **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE