UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUVENTINO RIOS,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF BAKERSFIELD, et al.,<br><br>    Defendants. | Case No.: 1:16-cv-0372 - JLT<br><br>ORDER DISMISSING THE ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDERS |

Juventino Rios initiated this action for violations of his civil rights, asserting the defendants are liable for using excessive force because officers of the Bakersfield Police Department released a K-9, which bit Plaintiff in the leg. (*See* Doc. 1) However, Plaintiff has failed to comply with the Court's orders and failed to prosecute this action. Accordingly, the action is **DISMISSED** without prejudice.

I.  **Relevant Background**

On July 18, 2016, the Court granted the motion filed by J. Miguel Flores to withdraw as counsel for Plaintiff. (Doc. 19) The Court ordered Plaintiff to "file a notification with the Court indicating whether he intends to represent himself going forward or whether he will retain a new attorney" no later than June 3, 2016. (*Id.* at 3) The Court instructed Plaintiff that if he intended to hire an attorney, he must notify the Court regarding when that would occur. (*Id.*)

Plaintiff failed to respond to the Court's order. As a result, the Court issued an order to show cause why the action should not be dismissed for the failure to respond to the Court's order, or in the

alternative, "to file a notification indicating whether he intends to represent himself." (Doc. 20 at 2) To date, Plaintiff has not responded to either order of the Court, or taken any further action to prosecute the matter.

## II.     Failure to Prosecute and Obey the Court's Orders

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g*. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

## III.    Discussion and Analysis

To determine whether to dismiss an action for failure to prosecute and failure to obey a Court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). Judges in the Eastern District of California carry the heaviest caseload in the nation, and this Court cannot, and will not hold, this

action in abeyance given Plaintiff's failure to comply with the Court's orders and failure to prosecute. The risk of prejudice to the defendants also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

Significantly, the Ninth Circuit determined a court's warning to a party that failure to obey the court's order will result in dismissal satisfies the requirement that less drastic sanctions be considered. *Malone*, 833 F.2d at 131; *see also Ferdik*, 963 F.2d at 1262. As the Ninth Circuit explained, "a plaintiff can hardly be surprised" by a sanction of dismissal "in response to willful violation of a [court] order." *Malone*, 833 F.2d at 133. Here, Plaintiff was warned that "**failure to comply with this or any order of the Court may result in the action being dismissed**." (Doc. 19 at 4, emphasis in original). Again, in the order to show cause Plaintiff was advised that failure to comply with the Court's orders would result in dismissal of action. (Doc. 20 at 1-2) The warnings that dismissal would result from his noncompliance with the Court's orders satisfies the Court's obligation to consider lesser sanctions. *See Malone*, 833 F.2d at 131. Given these facts, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

## IV.     Conclusion and Order

Plaintiff failed to comply with, or otherwise respond to, the Court's orders dated July 18, 2016 (Doc. 19) and August 30, 2016 (Doc. 20). Thus, Plaintiff also failed to continue to prosecute the action.

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. This action is **DISMISSED without prejudice**;
2. All remaining motions are terminated as **MOOT**; and
3. The Clerk of Court is DIRECTED to close the action.

IT IS SO ORDERED.

Dated:   **August 29, 2016**          /s/ Jennifer L. Thurston
                                      UNITED STATES MAGISTRATE JUDGE